United States District Court
Southern District of Texas
**ENTERED**
January 11, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANNON ELLIS, | § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. H-21-1172 |
| C.R. ENGLAND, INC., | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION

Defendant's pending Motion to Transfer Venue (Document No. 8) has been referred to the undersigned Magistrate Judge for a Memorandum and Recommendation. Having considered the motion, the response in opposition (Document No. 10), the parties' additional briefing (Document Nos. 11, 13, 14-1),[1] the forum selection clause relied upon by Defendant, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Transfer Venue (Document No. 8) be GRANTED.

This is an employment discrimination case that was removed by Defendant from state court. Plaintiff Shannon Ellis alleges that she was employed by Defendant C.R. England, Inc., as a truck driver, but was terminated when her partner driver (her mother) became physically unable to perform her job as a partner driver and Plaintiff was unable to get her supervisor to assign her another partner driver. Defendant removed the case to this Court based on federal question jurisdiction – Plaintiff having asserted claims under both Title VII and the Americans with Disabilities Act. Defendant then promptly filed a Motion to Transfer Venue.

---

[1] Defendant's Motion for Leave to File Reply to Plaintiff's Sur-Reply (Document No. 14) is GRANTED.

In the Motion to Transfer Venue, Defendant maintains that there is a mandatory forum selection clause in an Employment Contract that requires the case to be transferred to the United States District Court for the District of Utah. Plaintiff responds that the forum selection provision does not apply where there is an arbitration agreement between the parties. The language in the Employment contract relied upon by the parties for their arguments both for and against the Motion to Transfer, is as follows:

> **9. Governing Law and Venue**. C.R. England and Driver hereby agree that this Contract and its interpretation shall at all times and in respects be governed by the laws of the State of Utah, and any claim, litigation or dispute arising from or related to this Contract shall be litigated in the appropriate federal or state court located in Salt Lake City, Utah. Driver hereby consents to personal jurisdiction and venue in such court. Although Paragraph 9 shall govern the law and venue for any claims arising from or related to the Contract, it does not apply if Driver executes an arbitration agreement with C.R. England. In that event, the terms of the arbitration agreement shall govern any claims or disputes between Driver and C.R. England arising from or related to this Contract; provided, however, that if any such claims are not subject to arbitration for any reason, they shall be decided in accordance with the governing law and venue provisions set forth in this Paragraph 9.

Document No. 8-1 at 5. That agreement was signed by Plaintiff on January 27, 2020. Two weeks later, on February 11, 2020, Plaintiff signed a separate "Agreement that all Court Proceedings Between the Parties Shall Take Place in Salt Lake City, Utah," that provided as follows:

> The Company and Individual understand and acknowledge that they may only commence court proceedings against each other if they have not entered into an arbitration agreement covering the claim or dispute. If the parties have entered into an arbitration agreement that covers the claim or dispute, the dispute must be resolved outside the court system and in accordance with the terms of the applicable arbitration agreement agreed to by the Parties. However, if the Parties have not agreed to an arbitration agreement or if the arbitration agreement they agreed to does not cover the claim or dispute, then Company or Individual may only commence court proceedings in accordance with the following provisions:
> 1. GOVERNING LAW. The parties hereby agree that this Agreement and its construction shall at all times and in all respects be governed by the laws of the State of Utah.
> 2. VENUE. Excluding claims and disputes that must be arbitrated in accordance

> with an arbitration agreement entered into between the Parties, any and all claims or disputes between the Parties arising from or related to Individual's employment with Company or any pre-employment or post-employment interactions between the Parties shall be filed and adjudicated exclusively in a Federal or State court located in Salt Lake City, Utah.  Individual hereby consents to personal jurisdiction and venue in such courts.

Document No. 8-1 at 8.  Beyond the language of those two agreements, it is undisputed that there is an arbitration agreement between the parties, which Plaintiff claims is invalid and/or unenforceable.

Motions to transfer venue based on a forum selection clause are considered in the context of 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

"When the parties have agreed to a valid forum-section clause, a district court should ordinarily transfer the case to the forum specified in that clause.  Only under extraordinary circumstances *unrelated to the convenience of the parties* should a § 1404(a) motion be denied." *Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 62 (2013) (emphasis added).  Four public interest factors, *unrelated to the convenience of the parties*, are to be considered: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004).

Here, Plaintiff disputes, primarily, that the forum section clause applies.  Plaintiff correctly argues that the forum selection and venue provisions do not apply to claims that are to be decided in arbitration.  But, where Plaintiff's argument fails is in her position that arbitration does not apply

and/or that the arbitration agreement is not enforceable. The forum selection and venue provisions set forth in the parties' agreement(s) intend that for any claim brought or filed in any court, Utah law governs and the courts of Utah are to preside. In contrast, for any claim brought *in* an arbitration proceeding, the forum selection and venue provisions in the agreements would not apply, meaning, quite necessarily, that there would be no court proceeding at all – in the Utah courts or anywhere else. While the forum selection could have been more clear in this regard, it is not so vague or uncertain so as to be unenforceable. *See e.g. Carter v. C.L. England, Inc.*, Case No. 6:20-CV-01108, 2021 WL 669264 *4 (W.D. La. Feb. 4, 2021) (finding that "the forum selection clause in the Employment Contract and the Arbitration Agreement are reconcilable and reasonably co-exist").

As for the public interest factors that must be considered even when there is a valid forum selection clause, none weigh against a transfer of this case to the District of Utah. First, as argued by Defendant, the administrative factor is neutral insofar as there has been no showing that there is any more administrative court congestion in the District of Utah than there is in this District. Second, given that Defendant is headquartered in Salt Lake City, Utah, there is just as much interest in the District of Utah resolving this dispute as there would be for this District in which Plaintiff resides. Third and fourth, because of the Title VII and ADA claims raised herein, this forum is no more familiar with the law than the District of Utah, and there are no conflict of law issues that would render this a better forum than the District of Utah.

Because there is a valid forum selection clause that applies to the claims Plaintiff has raised in this court case, and because none of the public interest factors weigh against a transfer of this case to the District of Utah, it is

RECOMMENDED that Defendant's pending Motion to Transfer Venue (Document No. 8) be GRANTED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), to the recommendation made herein relative to Defendant's Motion to Dismiss. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen-day period bars an aggrieved party from attacking conclusions of law on appeal. *See Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Court Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 11th day of January, 2022.

*[signature]*
Frances H. Stacy
United States Magistrate Judge